IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARY ETTA HAWKINS                                                                  PLAINTIFF

vs.                                          Civil No. 4:14-cv-04064

CAROLYN W. COLVIN                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Mary Etta Hawkins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff protectively filed her disability application on August 4, 2009.  (Tr. 72, 158-164).  In her application, Plaintiff claims to be disabled due to the following: "Cervical cancer stage unk [unknown], left knee injury, and bunions on both feet."  (Tr. 183).  Plaintiff alleges an onset date of March 24, 2009. (Tr. 72).  This application was denied initially and again upon reconsideration.  (Tr. 67-68).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff then requested an administrative hearing on her application, and this hearing request was granted. (Tr. 51-66). This initial administrative hearing was held on October 21, 2010. *Id.* After this administrative hearing, on December 20, 2010, the ALJ entered a fully unfavorable disability determination. (Tr. 69-79). After the ALJ's decision, on August 15, 2012, the Appeals Council remanded Plaintiff's case to the ALJ for further development of the record. (Tr. 81-83).

In response to this remand order by the Appeals Council, the ALJ held a second administrative hearing on May 14, 2013. (Tr. 31-49). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Ms. Beasley[2] testified at this hearing. *Id.* At the time of this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 34). As far as education, Plaintiff testified she only completed the tenth grade in school. *Id.*

After this hearing, on June 26, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 8-21). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 4, 2009, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: foot deformities secondary to bunions and abnormal metatarsal alignment, left knee abnormality, and cervical condylomatous lesion. (Tr. 13-16, Finding 3). However, the ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her

---

[2] The first name of "Ms. Beasley" is not included in the transcript. (Tr. 31).

2

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pounds frequently, she can stand or walk 2 hours in an 8-hour workday and sit 6 hours in and [an] 8-hour workday. She must have the option to alternate sitting and standing every 30 to 45 minutes but stay in the general work zone. The claimant can occasionally squat and kneel but she must never crawl or climb, use ladders, ramps or scaffolds. The claimant should avoid working around cold and heat extremes, avoid wetness and humidity, avoid vibration, fumes, odors and dust. She should avoid hazardous machinery.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding Plaintiff's PRW. *Id.* The VE testified Plaintiff's PRW included work as a telephone operator. *Id.* The VE testified Plaintiff retained the capacity to perform this PRW as it is generally performed. *Id.* Based upon this finding, and because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from August 4, 2009 through June 26, 2013. (Tr. 21, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5). On March 27, 2014, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed the present appeal on April 18, 2014. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 21, 2014. ECF No. 5. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises a single issue for reversal: whether the ALJ's decision is supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the ALJ erred in assessing her RFC and erred in developing the record. *Id.* Because the ALJ improperly evaluated her subjective complaints, the Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. (Tr. 11-21). The ALJ recited the requirements of *Polaski* but did not follow those requirements. *Id.* Instead, the ALJ specifically discounted Plaintiff's subjective complaints because they were not supported by

6

her medical records: "In this case, the claimant appears to be sincere and genuine regarding the pain and limitations she states she experienced with the medical impairments. But perception alone does not satisfy the two step analysis required by SSR 96-7p. . . . I find that the medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by the claimant after evaluating all of the subjective and objective evidence of record." (Tr. 19). Indeed, although the ALJ stated he considered "subjective" evidence as well, he does not provide *what* "subjective" evidence he considered. Despite the fact the ALJ found claimant "sincere and genuine" he chose not to believe her subjective complaints of pain. The ALJ's only focus was on Plaintiff's medical records and the fact her subjective complaints were not consistent with her medical records. Accordingly, because the ALJ did not comply with the requirements of *Polaski* and provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[4] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of February 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.